Case 2:09-cv-06033-SRC-PS Document 1 Filed 11/24/09 Page 1 of 36 PageID: 1

# WILENTZ
# GOLDMAN
# &SPITZER P.A.

## ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
(732) 636-8000
Fax (732) 855-6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
(732) 542-4500
Fax (732) 493-8387

110 William Street
26th Floor
New York, NY 10038-3901
(212) 267-3091
Fax 212) 267-3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
(215) 940-4000
Fax (215) 636-3999

Park Building
355 Fifth Avenue
Suite 400
Pittsburgh, PA 15222
(412) 232-0808
Fax (412) 232-0773

website: www.wilentz.com

Please reply to:
Woodbridge
Direct Dial: (732) 855-6127
Direct Fax: (732) 726-6563

November 24, 2009

**VIA E-FILING**

Clerk, United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Re:    **Kvederas v. Twp. of Morristown, et. al.**
       Civil Action No. MRS-L-1951-09

Dear Sir or Madam,

Attached please find for filing a Notice of Removal of Defendants, Township of Morristown, Nancy Kahn and Robert Calise's (improperly plead as Cicalese), and Certificate of Service.

Please charge our firm account with the filing fee.

Very truly yours,

DOMINICK BRATTI

Enclosures
cc:    Jamison M. Mark, Esq.

#3232570 (153609.007)

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Defendants
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, New Jersey 07095-0958
(732) 636-8000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

-----------------------------------------------------X
                                :

BRIAN J. KVEDERAS,               :

          Plaintiff,        :     Civil Action No. MRS-L-1951-09

                              :

v.                           :     **NOTICE OF REMOVAL**

                              :

TOWNSHIP OF MORRISTOWN, a   :
municipal corporation of the      :
state of new jersey, NANCY KAHN  :
and ROBERT CICALESE, and JOHN  :
DOE 1-4 (*fictitious persons*      :
*Unknown*),                       :

                              :

          Defendants.     :

                              :
-----------------------------------------------------X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW JERSEY:

          Township of Morristown, Nancy Kahn and Robert Calise (incorrectly plead as

Cicalese), Defendants in the above-captioned matter, by their undersigned attorneys, Wilentz,

Goldman & Spitzer, P.A., file this Notice of Removal of this case from Superior Court of New

Jersey, Law Division, Somerset County, in which it is now currently pending, to the United

States District Court for the District of New Jersey, and state the following in support of this

#3232449 (153609.007)

Notice:

       1.    This case was commenced in the Superior Court of New Jersey, Law Division, Morris County, Docket No. MRS-L-1951-09 by way of Complaint entitled <u>Brian J. Kvederas v. Township of Morristown, a municipal corporation of the state of new jersey, Nancy Kahn and Robert Cicalese, and John Doe 1-4 (<em>ficticious persons unknown</em>)</u> filed on October 14, 2009. A true copy of the Complaint is attached hereto as Exhibit A.

       2.    Defendants Township of Morristown, Nancy Kahn and Robert Calise (incorrectly plead as Cicalese) first received a copy of the Complaint, from plaintiff's counsel, on October 28, 2009. Defendants are filing this Notice of Removal within thirty (30) days after they first received a copy of the Complaint, by service or otherwise. A true copy of the Summons is attached hereto as Exhibit B.

       3.    The foregoing Complaint and Summons are all the process and pleadings filed in this action, and no hearings or other proceedings have taken place in this action to Defendants' knowledge.

       4.    The above-captioned action is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b), in that Plaintiff's Complaint is based on allegations that Defendants violated plaintiff's civil rights "secured by Constitution of the United States in violation of 42 U.S.C. Section 1983." (Complaint at P. 11, Count 2, Par. 4). Additionally, Plaintiff's Complaint alleges that

Defendants violated "Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution . . . in violation of 42 U.S.C. § 1983" (Complaint at p. 12, Count 3, Par. 5) and alleges that Defendants have "injured Plaintiff, thereby violating Plaintiff's due process and equal protection of the law." (Complaint at p. 16, Count 5, Par. 3). In his Complaint, Plaintiff states that his "speech while in a public place is an unquestionable protection guaranteed under the 1st Amendment of the United States . . . Constitution." (Complaint at p. 16, Count 5, Par. 6). Plaintiff's Complaint alleges that Defendants violated the "4th Amendment to the United States . . . Constitution" (Complaint, Count 6, P. 17, Par. 5). Lastly, Plaintiff's Complaint alleges that Defendant's violated Plaintiff's First Amendment right to petition his grievances. (Complaint, Count 8, p. 19, Par. 7). Therefore, Plaintiff's Complaint "arises under" the Constitution, laws or treaties of the United States.

5. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

6. Upon the filing of this Notice of Removal, Defendants shall give and have given written notice thereof to Jamison M. Mark, Esq., attorney for plaintiff, and Defendants shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, County of Morris.

7. By filing this notice, Defendants do not waive any defenses which may be available to them, specifically including, but not limited to, improper service of process and the absence of venue in this Court or in the court from which this action has been removed.

8.    There are no other defendants in this case and so no further consent for removal is needed.

WHEREFORE, defendants pray that the foregoing action be removed from the Superior Court of New Jersey, Morris County, Law Division to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

WILENTZ, GOLDMAN & SPITZER, P.A.

BY: _____
Dominick Bratti, Esq.
Attorney for the Defendants
Township of Morristown
Nancy Kahn
Robert Calise

Date: November 24, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on Plaintiffs, via UPS overnight delivery to:

> Jamison M. Mark, Esq.
> 403 King George Road
> Suite 202
> Basking Ridge, New Jersey 07920

I hereby further certify that on this date I caused the Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing via hand delivery, to:

> Clerk, Superior Court of New Jersey
> Morris County Courthouse
> Washington & Court Sts.
> Morristown, NJ 07963-0910

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dominick Bratti, Esq.

Dated: November 24, 2009

#3232449 (153609.007)                   -5-

# EXHIBIT A

**LAW OFFICES OF JAMISON M. MARK, LLC**
403 King George Road
Suite 202
Basking Ridge, New Jersey 07920
(908) 626 -1001
(908) 626 -1003 - Facsimile
Attorney for Plaintiff, Brian J. Kvederas



RECEIVED/FILED
SUPERIOR COURT OF N.J.
MORRIS COUNTY

2009 OCT 14 PM 1: 57

DEPUTY CLERK
CIVIL DIVISION

BRIAN J. KVEDERAS,

      Plaintiff,

v.

TOWNSHIP OF MORRISTOWN, a
municipal corporation of the state of new
jersey, NANCY KAHN and ROBERT
CICALESE, and JOHN DOE 1-4
*(fictitious persons unknown),*

      Defendants.

SUPERIOR COURT OF NEW JERSEY
MORRIS COUNTY: LAW DIVISION

DOCKET No. MRS-L- *1951-09*

Civil Action

**COMPLAINT and JURY DEMAND**

Plaintiff, Brian J. Kvederas, who is resident of Somerset County New Jersey, through his attorneys the Law Offices of Jamison M. Mark, LLC., by way of Complaint against Defendants, does hereby state:

## PARTIES

1.    Brian J. Kvederas (hereinafter or "Plaintiff") is a resident of the United States, and State of New Jersey and is entitled to all the rights, privileges and immunities secured by the Constitution of the United States and the State of New Jersey.

2.    Town of Morristown (hereinafter "Morristown") is located at 200 South Street, CN 914, Morristown, NJ 07963-0914, is a municipal corporation organized under the laws of the State of New Jersey.

3. Robert Cicalese, Township Finance Director, was at all times relevant employed by Morristown, and was acting in his individual and official capacity, and all times on behalf of the municipality.

4. Nancy Kahn Township Benefits Coordinator, was at all times relevant employed by Morristown, and was acting in her individual and official capacity, and all times on behalf of the municipality.

## VENUE

1. Venue properly lies in Somerset County, Superior Court Law Division pursuant to R. 4:3-2(a), because the Kvederas resides in Somerset County.

## STATEMENT OF FACTS

1. This civil rights action is brought by Plaintiff Brian J. Kvederas (hereinafter "Mr. Kvederas" or "Plaintiff") for monetary damages for the Defendants defamatory statements, violation Civil Rights and for retaliations for the filing of a Workers Compensation claim.

2. Mr. Kvederas is a former employee of the Town of Morristown Fire Department.

3. The Town of Morristown is the owner of the Township Hall located in Morristown New Jersey, a place of public accommodation.

4. While Mr. Kvederas was employed, he was seriously injured on January 23, 2005 resulting in a permanent disability. Mr. Kvederas applied for and was approved for a disability pension through the PFRS in early July 2006. As part of his pension, not only did Mr. Kvederas receive monthly compensation, but also received health insurance coverage through the Town's policy.

2

5. After his separation from employment on July 1, 2006, Mr. Kvederas became married on October 6, 2006.

6. In approximately February 14, 2005 Mr. Kvederas filed a workers compensation claim with the Department of Labor and Workplace Division of Workers Compensation, and in early July 2006, applied for his disability pension through the State of New Jersey Department of Pensions, Division of Pension and Benefits.

7. Mr. Kvederas was awarded his Pension on July 10, 2007.

8. Mr. Kvederas' workers compensation claim is still pending.

9. Due to his disability, Mr. Kvederas received an invitation "For all retirees" to have their questions answered concerning the Township's change of benefits from BC/BS of New Jersey to Cigna.

10. Mr. Kvederas was invited to attend the Township's meeting on January 22, 2009 commencing at 1:00 PM.

11. Mr. Kvederas appeared at Morristown Town Hall in order for the purpose of determining how he could add his wife to the new Cigna policy.

12. When Mr. Kvederas arrived, the meeting room was locked and empty, so he sought out assistance from Ms. Nancy Kahn, Payroll & Benefits Coordinator for the Township.

13. Ms. Kahn advised Mr. Kvederas that the meeting was held at 10:00 a.m. contrary to the invite. Ms. Kahn was very short, and rude.

14. During the meeting with Ms. Kahn, Mr. Kvederas asked about adding his wife during the "open enrollment period." Again, Ms. Kahn became short and rude with Mr. Kvederas stating that his question was already answered "many times" before.

15.     Mr. Kvederas attempted to explain to Ms. Khan that she was mistaken, confused and did not understand that the issues relating to adding his wife to the insurance policy had nothing to do with his pension claim or his workers compensation claim, and that he did not have an attorney to handle what he believed was a very simple issue.

16.     Mr. Kvederas asked for further clarification, stating that as the Town's benefits coordinator, why could she not provide him with the simple information he needs to add his wife to the plan.

17.     Ms. Khan informed Mr. Kvederas that he should take his issues up with the Union, which was still not a responsive answers. Mr. Kvederas, left completely embarrassed and frustrated with this on-going, ignored and unresolved issue.

18.     The very next day, January 23, 2009, Mr. Kvederas returned to the second scheduled meeting with the Cigna Representatives, who were there to answer questions any retirees may have.

19.     When Mr. Kvederas appeared, retired Fire Captain Timothy Murphy asked the Cigna representatives about adding his college age daughter to his policy because she had lost her job and was paying far too much money to be covered with Cobra.

20.     It was at this point that Ms. Kahn took Mr. Murphy aside in the room and began to write down his options, numbers and percentages. This was actually very similar to Mr. Kvederas issues and the questions he had.

21.     Mr. Kvederas then began to speak to the Cigna representative, to which the Cigna representative began to answer Mr. Kvederas' question when Ms. Kahn

4

stormed into the room and yelled to the Cigna Reps., "Do not answer any of his questions, he is out of line and obnoxious."

22.     At this point, Mr. Kvederas approached Ms. Kahn and attempted to tell her that the Cigna representative was answering his questions.

23.     Ms. Kahn continued yelling, now at Mr. Kvederas stating: "Your question is out of line, and always the same question" and "You have an attorney have him get the answer for you."

24.     Again, in front of others, Mr. Kvederas attempted to explain that his having a worker's compensation attorney has nothing to do with his questions, that she is mistaken and confused.

25.     Ms. Kahn ordered Mr. Kvederas to leave the meeting and building.

26.     When Mr. Kvederas objected, advising he had a right to be present, she again stated that "This is not the time or the place for your questions," and "You are obnoxious and out of line." Ms. Khan then called the Morristown Police to have Mr. Kvederas removed, stopped the meeting and stated that it would not continue until Mr. Kvederas left.

27.     Mr. Kvederas was humiliated, but exited the room, waiting for the Police to arrive.

28.     Prior to the police arriving, the Township Finance Director Mr. Robert Cicalese, arrived asking what the problem was and of course, Ms. Kahn proceeded to inaccurately state that Mr. Kvederas was: "obnoxious, inappropriate and out of line."

29.     Mr. Cicalese proceeded to raise his voice at Mr. Kvederas stating that Mr. Kvederas' questions were already answered and then slandered Mr. Kvederas by stating

5

in front of several persons in attendance: "You are a Liar!" and "You lied about your wedding date on the forms that you had previously sent in."

30. Mr. Kvederas objected to the false and malicious statements, when Frank Simini, a Retired Police Officer, asked to speak with Mr. Kvederas in the hallway.

31. Mr. Simini suggested that Mr. Kvederas contact another attorney because it seems to him "that the Town has something against you." Mr. Simini stated that he had witnessed the entire scene because he was also an attendee of the meeting.

32. When the Township Police Officer arrived, Mr. Simini attempted to speak on Mr. Kvederas' behalf, but was rebuffed and told by the officer, "This does not concern you Sir." Mr. Kvederas requested from the Township Police Officer his legal basis for having him removed from a public place.

33. The Officer candidly admitted he did not have a legal basis, but that he was called to "remove a disruptive and disorderly person from the building."

34. When Mr. Kvederas asked to speak with the administrator or mayor upstairs, Cicalese ordered that Mr. Kvederas be immediately removed, to which the officer stated: "I was told to remove you from the building."

35. As Mr. Kvederas was being removed from the building, Mr. Kvederas asked to speak with a personal friend, Chief of Police Peter Demnitz. Mr. Kvederas was told he could not, but that "You can call 538-2200 and make an appointment!" Mr. Kvederas was told that he would speak to Lt. David Ackerman.

36. Lt. Ackerman listened to Mr. Kvedeas and wrote down the information, and suggested that Mr. Kvederas seek legal advice.

6

37.  Mr. Kvederas still did not have the appropriate answers from Cigna, so he planned on attending the next Cigna meeting on January 29, 2009.

38.  In the morning hours of January 29, 2009, Mr. Kvederas received a telephone call from Morristown Firefighter James Schultz who advised Mr. Kvederas that he [Mr. Schultz] was asked to relay a message to Mr. Kvederas that the "Administration" stated it would be in Mr. Kvederas' "best interest not to show up to today's meeting."

39.  Mr. Shultz expressed his concerns and stated that he did not want to be part of this but was aware of the problems Mr. Kvederas was having with the Town.

40.  Despite the warning, Mr. Kvederas believed he was entitled to know how to place his wife on his insurance policy. Mr. Kvederas was escorted by his father.

41.  Mr. Kvederas brought with him a sealed copy of his "open enrollment form" with his wife's information. Upon entering the building, Mr. Kvederas handed the information directly to the Cigna representative, and proceed to ask how to add his wife to his policy.

42.  During the conversation Mr. Kvederas, the Cigna representative advised that she was told by Ms. Kahn not to speak with Mr. Kvederas.

43.  Mr. Cicalese entered the conversation and began to argue with Mr. Kvederas, to which Mr. Kvederas read out loud the invitation, and stated that he was there to have his questions answered by Cigna personnel, not the Morristown administration.

44.  Ms. Kahn asked that they leave the room so that the meeting could proceed, and Mr. Kvederas then explained to Mr. Cicalese what his questions were.

7

45. During the meeting, Mr. Cicalese admitted to calling Mr. Kvederas a liar and Mr. Kvederas explained his problems and that the Town has been mislead and misinformed by their counsel regarding his simple issue relating to health care coverage.

46. After hearing Mr. Kvederas, Mr. Cicalese promised to have his questions answered through their legal counsel within five business days, however, Mr. Kvederas did receive a letter from Town Administrator Michael F. Rogers, which only provided information relating to Plaintiff's retro-active retirement.

47. To date, Mr. Kvederas has been denied his right to contractual right to insurance for wife/spouse, and has suffered an incredible amount of financial loss due to his involuntary retroactive retirement.

48. As a result of the continued harassment, and threats against Mr. Kvederas, he has suffered emotional distress and been under the care of a treating physician.

49. At all times relevant hereto, Defendants' conduct violated established rights of Plaintiff, in which he was forcefully removed from the Township building.

50. At all times material hereto, Defendants were acting under color of state law, in the course and scope of their employment.

51. That the above-referenced actions of Defendants constituted unlawful police imposed wrongful arrest, civil rights violations, and malicious acts all in violation of Plaintiff's known constitutional rights.

52. The intentional acts and omissions of the Defendants have caused Plaintiff great permanent psychological injury, humiliation, embarrassment, loss of status, loss of income, loss of future income, investments, and have caused other losses and injuries not yet manifested or known to Plaintiff.

53.    Plaintiff demand monetary compensation for Defendants illegal acts.

## CLAIMS FOR RELIEF

## COUNT ONE

### (Violation of the New Jersey Civil Rights Act, "NJCRA")

1.    Defendants, acting under color of law, have subjected and causes to be subjected to the deprivation of Plaintiff's substantive due process rights, privileges or immunities secured by the Constitution or laws of the United States and laws of this State.

2.    Plaintiff has been deprived of his substantive due process rights, privileges or immunities secured by the Constitution or laws of the United States and Constitution or laws of this State.

3.    Plaintiff has been deprived of his right to exercise his rights, privileges or immunities, and has been deprived of the enjoyment of those substantive rights, privileges or immunities.

4.    Defendants, acting under color of law, have interfered with by threats, intimidation or coercion Plaintiff's substantive due process rights, privileges or immunities secured by the Constitution and/or laws of the United States and Constitution and/or Laws of this State.

5.    The illegal, unconstitutional and discriminatory acts of the Defendants constituted acts of a *de facto* policy to discriminate, use unlawful force, falsely accuse and detain, and illegally remove Plaintiff from public venue and meeting that he was invited to.

6. The actions of the Defendants aforesaid also represent a de facto policy to deny Plaintiff his rights to travel, equal protection, contract and privacy. All of these violations contravene Plaintiff's constitutional rights under the New Jersey State Constitution including, but not limited to, Article I, Section 1; Article I, Section 5 - denial of rights; and Article I, Section 7 and the New Jersey Civil Rights Act (N.J.S.A. 10:6-2).

7. Each individual Defendant was acting at all relevant times in furtherance of their public employment.

8. As a result of the aforesaid conduct, Plaintiff has been damaged, including violation of his civil rights, has suffered emotional pain and suffering, emotional distress, and monetary losses.

9. Defendants intentionally and contrary to law, protocol, training and policy, investigated, accused, slandered, and removed from public venue Plaintiff.

## COUNT TWO

### (Civil Rights - 42 U.S.C. § Section 1983)

1. Plaintiff repeats and realleges each and every allegation contained hereinabove as though set forth more fully herein.

2. Defendants' removal of Plaintiff from Township hall was without probable cause and in violation of his civil rights under the United States Constitution and the New Jersey State Constitution.

3. Plaintiff was removed and slandered wrongfully charged as a "disorderly person," and despite Plaintiff's professed innocence, Defendants paid no attention, and unlawfully forced Plaintiff to leave the premises and property in violation of the Plaintiff's rights under the United States Constitution and the New Jersey Constitution.

4. Defendants' actions constitute a willful and knowing violation and depravation of a right secured by the Constitution of the United States in violation of 42 USC, Section 1983, specifically, the right to be free from unreasonable police action; the depravation of property without due process of law; the right to be secure against police intimidation and force; and, the right to equal protection of the laws.

5. The acts of all Defendants in violation of the United States Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 U.S.C. § Section 1988; and, the Plaintiff is entitled to recover against all Defendants for injuries, damages and losses proximately caused by their conduct as set forth in this Complaint.

6. The foregoing actions were taken pursuant to an official and extant policy and practice of Defendants.

7. As a result of the illegal and continuous course of conduct by Defendants described herein, Plaintiff has suffered economic and non-economic/emotional distress damages, resulting in loss of companionship, loss of self-esteem, loss of standing in the community, physical and mental injury, the loss of opportunity for prospective employment, and is incurring legal expenses and other expenses as a result of Defendants' actions.

8. The foregoing actions were knowing, willful, deliberate and a collaborative effort of the Defendants to violate the law and deprived Plaintiff of his civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

9. Defendants have engaged in behavior that violates Plaintiff's constitutional rights and have thereby irreparably injured Plaintiff.

## COUNT THREE

### (Civil Rights - 42 U.S.C. § 1985[3])

1.     Plaintiffs repeat and reallege each and every allegation contained hereinabove as though set forth more fully herein.

2.     Defendants and each of them have entered into conspiracies with each other, at one time or another, to deprive Plaintiffs, either directly or indirectly, of his privileges and immunities under the laws, specifically Plaintiffs' civil rights guaranteed by the First and Fourteenth Amendments of the United States Constitution.

3.     Section 1985(3) provides as follows: "If two or more persons in any State or Territory conspire...for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws...whereby another is injured ...or deprived of having and exercising any right of privilege of a citizen of the United States, the party of injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

4.     All persons identified above, spoke and acted on behalf of the Township Administration denying Plaintiff his rights and privileges.

5.     These illegal actions are in infringement upon the liberty rights Plaintiff has in derogation of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution and provision of the New Jersey Constitution, in violation of 42 U.S.C. § 1983.

6.  The foregoing actions were taken pursuant to an official and extant policy and practice of Defendants, and were taken by individuals with final policymaking authority over such actions.

7.  As a result of the illegal and continuing course of conduct by Defendants described herein, Plaintiff has suffered economic damages and non-economic/emotional distress damages, resulting in loss of self-esteem, loss of standing, physical injury, the loss of opportunity, and is incurring legal expenses and other expenses as a result of Defendants' actions.

7.  The foregoing actions were knowing, willful, deliberate and a collaborative effort of the Defendants to violate the law and deprived Plaintiff of his civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

8.  Defendants have engaged in behavior that violates Plaintiffs' constitutional rights and have thereby irreparably injured Plaintiffs.

9.  Defendant The Town of Morristown and employees thereof is accountable under 42 U.S.C. § 1983 because it established policies and practices that were intended to and did encourage, endorse and permit their agents and employees to violate the constitutional rights of Plaintiff. At a minimum, Defendants deliberately and/or recklessly acted indifferent by violating said constitutional principals.

### COUNT FOUR

(Civil Rights - 42 USC §1983 – Custom, Policy and Practice)

1.  The unconstitutional policies, practices, customs and procedures of The Town of Morristown include, but are not limited to:

A.   A policy, practice, custom or procedure of failing to properly train and supervise its employees in matters of denial of property rights

B.   A policy, practice, custom or procedure of failing to properly control its employees in matters of denial of property rights

C.   A policy, practice, custom or procedure of failing to properly maintain a valid policy in matters of constitutional property rights

D.   A policy, practice, custom or procedure of unlawful acts against civilians in removing same from places of public accommodation.

E.   A policy, practice, custom or procedure of failing to discipline its employees who violate the Constitution or law or otherwise transgress the rights of persons;

F.   A policy, practice, custom or procedure of being deliberately indifferent to the violation rights of persons; and

G.   A policy, practice, custom or procedure by silencing one's freedom of speech, association and petition by taking malicious steps against persons.

H.   A policy, practice, custom or procedure of using its police force to illegal enforce the Township's illegal actions through force, threat of force, and under the appearance of legal authority.

2.   Defendant Town of Morristown acquired and used the policies, practices, customs and procedures described above before and during the investigation, and removal of Plaintiff.

14

3. These policies, practices, customs and procedures, as described above, were implemented intentionally and/or recklessly to deprive Plaintiff of his constitutional rights and were a direct and proximate cause of the Constitutional violations and injuries.

4. The foregoing actions were taken pursuant to an official and extant policy and practice of Defendant.

5. As a result of the illegal and continuing course of conduct by Defendants described herein, Plaintiff has suffered economic and non-economic/emotional distress damages, humiliation, embarrassment, stress, depression, anxiety, loss of self-esteem, loss of standing in the community, mental injury, the loss of property enjoyment, and is incurring legal expenses and other expenses as a result of Defendants' actions.

6. The foregoing actions were knowing, willful, deliberate and a collaborative effort of Defendant The Town of Morristown to violate the law and deprived Plaintiff of his civil rights, and Plaintiff is therefore entitled to punitive damages under applicable law.

7. Defendants have engaged in behavior that violates Plaintiff's constitutional rights and have thereby irreparably injured Plaintiff.

COUNT FIVE

(Civil Rights - 42 USC §1983 1st, 4th and 14th Amendment)

1. Plaintiff repeats and realleges each and every allegation contained hereinabove as though set forth more fully herein.

2. Defendants are persons who, under color of law, and as a result of their willful and wrongful use of intimidation, coercion, force and wrongful slander, labeling and removal by a Police Officer who has knowingly exceeded his lawful authority, and

15

have subjected Plaintiff to the deprivation of his civil rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution.

3.      Defendants have engaged and continue to engage in behavior that violates Plaintiff's constitutional rights of free speech and have thereby irreparably injured Plaintiff, thereby violating Plaintiffs due process and equal protection of the law.

4.      Although the Defendants knew or should have known of the unlawful actions taken against Plaintiff, and Defendants failed to take any corrective measures to prevent Defendants unlawful actions which violated the United State Constitution, New Jersey Constitution.

5.      As a direct and proximate result of the aforesaid violations, Plaintiffs suffered injury, including but not limited to serious emotional injury, mental anguish, distress, humiliation, and indignity.

6.      Kvederas' speech while in a public place is an unquestionable protection guaranteed under the 1st Amendment of the United States and State of New Jersey Constitution.

## COUNT SIX

### (Civil Rights – 42 USC § 1983 - 5th Amendment)

1.      Plaintiff repeats and realleges each and every allegation contained hereinabove as though set forth more fully herein.

2.      Defendants are persons who, under color of law, and as a result of their unlawful removal, detention, and force used upon Plaintiff have subjected Plaintiff to the deprivation of his civil rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution.

3.    Defendants have interfered with Plaintiff's exercise of freedom from unlawful seizure and restraint upon Plaintiff's person.

4.    As a direct and proximate result of the aforesaid violations, Plaintiff suffered injury, including but not limited to serious emotional injury, mental anguish, distress, humiliation, and indignity.

5.    Plaintiff was unlawfully removed and detained from a place of public accommodation by the Township in violation of 4th Amendment of the United States and State of New Jersey Constitution.

## COUNT SEVEN

### (Civil Rights - 42 USC § 1983 – Retaliation)

1.    Plaintiff repeats and realleges each and every allegation contained hereinabove as though set forth more fully herein.

2.    Plaintiff filed a prior workers compensation claim against the Township, as permitted pursuant to NJSA 34:15:19-1) as well as made a claim under his Police and Fireman Retirement System rights for his disability.

3.    Defendants actions were discriminatory and created unlawful disparate treatment against Plaintiff due to his prior lawsuits against the Town, which resulted in a favorable ruling for Plaintiff.

4.    The actions by Defendants were take because of the prior litigation between the parties, and the Defendants violations were directly related to the successful outcome of Plaintiff's prior lawsuits.

5.    Defendants have engaged and continue to engage in behavior that violates Plaintiff's constitutional rights and have thereby irreparably injured Plaintiff.

6.     Although the Defendants knew or should have known of the unlawful actions taken against Plaintiffs, and Defendants failed to take any corrective measures to prevent Defendants unlawful actions which violated the United State Constitution, New Jersey Constitution.

7.     As a direct and proximate result of the aforesaid violations, Plaintiffs suffered injury, including but not limited to serious emotional injury, mental anguish, distress, humiliation, and indignity.

## COUNT EIGHT

### (Violation of 1st Amendment Right to Petition - Grievances)

1.     Plaintiff repeats and realleges each and every allegation contained hereinabove as though set forth more fully herein.

2.     Because of Plaintiff's filing of a petition to redress his grievance, Plaintiff became the target of repeat harassment and retaliation and was unlawfully arrested.

3.     Defendants are persons who, under color of law, and as a result of their willful and wrongful use of intimidation, coercion, force, harass and retaliate, and wrongful removal Plaintiff from a place of public accommodation, and knowingly exceeded their lawful authority, and subjected Plaintiff to retaliation due to his petition to redress his grievances against the Township, a right secured by the First and Fourteenth Amendments of the United States Constitution.

4.     Defendants have engaged and continue to engage in behavior that violates Plaintiff's constitutional rights and have thereby irreparably injured Plaintiff.

5.     Although the Defendants knew or should have known of the unlawful actions taken against Plaintiffs, and Defendants failed to take any corrective measures to

18

prevent Defendants unlawful actions which violated the United State Constitution, New Jersey Constitution.

6.     As a direct and proximate result of the aforesaid violations, Plaintiffs suffered injury, including but not limited to serious emotional injury, mental anguish, distress, humiliation, and indignity.

7.     Kvederas' right to petition his grievances is a protected right guaranteed under the 1st Amendment of the United States and State of New Jersey Constitution.

### COUNT NINE

(Defamation).

1.     Plaintiff repeats and realleges each and every allegation contained hereinabove as though set forth more fully herein.

2.     Defendants based on the aforesaid statements to the public and 3rd Parties regarding allegations that Plaintiff was a "liar" and "falsified" documents when applying for his insurance benefits, which caused significant and irreparable damage to his reputation and good will in the Community.

3.     Defendants' allegations implied falsifying public documents, committing perjury and theft and misconduct were either made knowingly false or made with reckless disregard of their truth, were malicious, and failed to take reasonable steps to determine the truth or falsity of such statements before making them.

4.     The defamatory statements made were by the Township's Business manager and were willfully indifferent cause to humiliate, harm and impugn the reputation of Plaintiff.

19

5. As a direct and proximate result of the aforesaid defamatory statements, Plaintiff suffered substantial injury to his good name and reputation, for which Defendants are jointly and severally liable.

WHEREFORE, Plaintiff demands judgment against all Defendants, for:

(A) Compensatory Damages,

(B) Punitive Damages,

(C) Violation of rights,

(D) Emotional distress,

(E) Pain and suffering;

(F) Other such Equitable relief;

(G) Pre and Post Judgment Interest; and

(H) Attorney's Fees and Costs.

RESPECTFULLY SUBMITTED,

LAW OFFICES OF JAMISON M. MARK
Attorney for Plaintiff

Jamison M. Mark, Esq.

Dated: 10-9-09

20

## DESIGNATION OF TRIAL COUNSEL

Trial Counsel is hereby designated as Jamison M. Mark, Esq.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands, pursuant to R. 4:35-1 et seq., trial by jury of all

issues triable by jury

LAW OFFICES OF JAMISON M. MARK
Attorney for Plaintiff

Dated:     10-9-09

Jamison M. Mark, Esq.

21

## DEMAND FOR INSURANCE INFORMATION

Pursuant to New Jersey Court Rule 4:10-2(b), Demand is made that Defendants disclose to Defendants attorney whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide Defendants' attorney with true copies of those insurance agreements or policies, including but not limited to, any and all declaration sheets. This demand shall include and cover not only primary coverage but also any and all excess, homeowners, and umbrella policies.

LAW OFFICES OF JAMISON M. MARK
Attorney for Plaintiff

Dated:     10-9-09

Jamison M. Mark, Esq.

22

## CERTIFICATION PURSUANT TO R. 4:5-1.

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or pending arbitration proceeding. I further certify that I have no knowledge of any contemplated action or pending arbitration proceeding regarding the subject matter of this action, and I am not aware of any other parties who should be joined to this matter

LAW OFFICES OF JAMISON M. MARK
Attorney for Plaintiff

Dated:    10-9-09

Jamison M. Mark, Esq.

23

## Appendix XII-B1

### CIVIL CASE INFORMATION STATEMENT
#### (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: ☐CK ☐CG ☐CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| JAMISON M. MARK, ESQ. | (908) 626-1001 | Somerset |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| LAW OFFICES OF JAMISON M. MARK, LLC | |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 403 KING GEORGE ROAD, SUITE 201 BASKING RIDGE, NEW JERSEY 07920 | COMPLAINT |
| | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| BRIAN J. KVEDERAS, Plaintiff | KVEDERAS v. TOWN OF MORRISTOWN, et al |

| CASE TYPE NUMBER (See reverse side for listing) 005 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- |

| RELATED CASES PENDING?  ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  ☐ NONE  ☒ UNKNOWN |
| --- | --- |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☒ YES  ☐ NO | IF YES, IS THAT RELATIONSHIP | ☒ EMPLOYER-EMPLOYEE  ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR  ☐ BUSINESS | ☐ OTHER (explain) |
| --- | --- | --- | --- | --- |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☒ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- |

WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO  IF YES, FOR WHAT LANGUAGE:

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE:

Revised Effective 9/2009, CN 10517



| SIDE 2 | CIVIL CASE INFORMATION STATEMENT |
|---|---|
| | (CIS) |
| | Use for initial pleadings (not motions) under *Rule 4:5-1* |

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
506  PIP COVERAGE
510  UM or UIM CLAIM
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
999  OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603  AUTO NEGLIGENCE – PERSONAL INJURY
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
699  TORT – OTHER

**Track III — 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES
620  FALSE CLAIMS ACT

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280  Zelnorm
285  Stryker Trident Hip Implants

**Mass Tort (Track IV)**
248  CIBA GEIGY
266  HORMONE REPLACEMENT THERAPY (HRT)
271  ACCUTANE
272  BEXTRA/CELEBREX
274  RISPERDAL/SEROQUEL/ZYPREXA
275  ORTHO EVRA
277  MAHWAH TOXIC DUMP SITE
278  ZOMETA/AREDIA
279  GADOLINIUM
281  BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282  FOSAMAX
283  DIGITEK
284  NUVARING
286  LEVAQUIN
601  ASBESTOS
619  VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."
Please check off each applicable category:
☐ Verbal Threshold    ☐ Putative Class Action    ☐ Title 59

Revised Effective 9/2009, CN 10517

# EXHIBIT B

LAW OFFICES OF JAMISON M. MARK, LLC
403 King George Road
Suite 201
Basking Ridge, New Jersey 07920
(908) 626-1001
(908) 626-1003 - Facsimile
Attorney for Plaintiff, Brian J. Kvederas

|  |  |
|---|---|
| BRIAN J. KVEDERAS,<br><br>Plaintiff,<br><br>v.<br><br>TOWNSHIP OF MORRISTOWN, a municipal corporation of the state of new jersey, NANCY KAHN and ROBBRT CICALESE, and JOHN DOE 1-4 (fictitious persons unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>SOMERSET COUNTY; LAW DIVISION<br><br>DOCKET No. SOM-L-001951-09<br><br>Civil Action<br><br>SUMMONS |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

NANCY KAHN

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Somerset County Courthouse, 40 North Bridge Street, 1st Floor, Somerville, New Jersey 08876. A filing fee payable to the Clerk of the Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion

when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

An individual who is unable to obtain an attorney may communicate with the New Jersey State Bar Association by calling toll free 800-792-8315 (within New Jersey). You may also communicate with the Somserset County Bar Association Lawyer referral service or if you cannot afford to pay an attorney, you may communicate with the Somerset County Legal Services Corp.

From The State of New Jersey To The Defendant(s) Named Above:

Dated: October 28, 2009

/s/ Jennifer Perez
Jennifer Perez
Clerk of the Superior Court

Name of Defendant and Address.
Where to Serve:

Nancy Kahn
c/o Township of Morristown
200 South Street
CN 914
Morristown, New Jersey 07963-0914

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main St.
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Fl., Hall of Records
101 S. Fifth St.
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House

1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363
Revised 09/2006, CN 10792-English page
2 of 6

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Sq., P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL

(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton St.
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market St., P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003
Revised 09/2006, CN 10792-English page
3 of 6

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(908) 267-5882
LEGAL SERVICES
(908) 475-2010