# WILENTZ GOLDMAN & SPITZER P.A.

ATTORNEYS AT LAW

90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958
732.636.8000
Fax 732.855.6117

Meridian Center I
Two Industrial Way West
Eatontown, NJ 07724-2265
732.542.4500
Fax 732.493.8387

110 William Street
26th Floor
New York, NY 10038-3901
212.267.3091
Fax 212.267.3828

Two Penn Center Plaza
Suite 910
Philadelphia, PA 19102
215.940-4000
Fax 215.636.3999

Park Building
355 Fifth Avenue
Suite 400
Pittsburgh, PA 15222
215.940.4000
Fax 215.636.3999

*website: www.wilentz.com*

DAVID T. WILENTZ (1894-1988)
G. GEORGE GOLDMAN (1922-1959)
HENRY M. SPITZER (1928-1988)

WARREN W. WILENTZ
MORRIS BROWN
FREDERIC K. BECKER[2]
NICHOLAS L. SANTOWASSO
RICHARD F. LERT[2]
JOHN A. HOFFMAN
STEPHEN E. BARCAN
FRANCIS V. BONELLO
BARRY M. EPSTEIN[2,10]
VINCENT P. MALTESE
DAVID M. WILDSTEIN
GORDON J. GOLUM
MARVIN J. BRAUTH[2]
STUART A. HOBERMAN[2,3]
STEPHEN A. SPITZER
ANNE S. BABINEAU[2]
CHRISTINE D. PETRUZZELL
BRIAN J. MOLLOY
RANDALL J. RICHARDS
JOSEPH J. JANKOWSKI
DAVID S. GORDON
FREDERICK J. DENNEHY
ROY H. TANZMAN[2]
STEVEN J. TRIPP
JAY J. ZIZNEWSKI
ALAN WASSERMAN<[*]
JAMES E. TRABILSY
MAUREEN S. BINETTI<
ANTHONY J. PANNELLA, JR.
MICHAEL J. BARRETT<
MICHAEL F. SCHAFF[27]
ANGELO JOHN CIFALDI
KEVIN M. BERRY[2]
JOHN T. KELLY[2]
C. KENNETH SHANK[2]
EDWIN LEAVITT-GRUBERGER[2]
BRUCE M. KLEINMAN[2,5]
BARRY A. COOKE[3]
JON G. KUPILIK
PETER R. HERMAN[2]
EDWARD T. KOLE
HESSER G. McBRIDE, JR.

ERIC JOHN MARCY
ROBERT C. KAUTZ[2,6]
VIOLA S. LORDI[2]
LYNNE M. KIZIS
KEVIN P. RODDY[2,8,9]
DANIEL S. BERNHEIM 3d[1,3]
DAVID H. STEIN
DOUGLAS WATSON LUBIC[2]
DOMINICK J. BRATTI
LISA A. GORAB[2]
LAWRENCE F. JACOBS[2]
BETH HINSDALE-PILLER
FRED HOPKE[†]
DONALD E. TAYLOR[3]
BARRY R. SUGARMAN[2]
BRETT R. HARRIS[2,5]
JEFFREY W. CAPPOLA
ALFRED M. ANTHONY[2]
DARREN M. GELBER[20]
MATTHEW M. WEISSMAN[2]
WILLIAM J. LINTON
DONNA M. JENNINGS
GIOVANNI ANZALONE
PETER A. GREENBAUM[2]
WILLARD C. SHIH[2]
BLAIR R. ZWILLMAN[2,□]
LAWRENCE C. WEINER[2]
LAURIE E. MEYERS[2,4]
JOHN M. CANTALUPO
BARBARA G. QUACKENBOS[2]
DAVID P. PEPE
JOHN E. HOGAN[2]

**OF COUNSEL**
ROBERT A. PETITO
HAROLD G. SMITH
ALAN B. HANDLER[5]
MYRON ROSNER[2]
R. BENJAMIN COHEN

**COUNSEL**
RUTH D. MARCUS[1,2]
RICHARD J. BYRNES
JAMES P. LUNDY[2,3]
JAMES E. TONREY, JR.[2]
DEIRDRE WOULFE PACHECO[2]

ROBERT J. CIRAFESI
JONATHAN J. BART[1]
YVONNE MARCUSE
ABBY RESNICK-PARIGIAN[2,3]
BRIAN KALVER[2]
ELLEN TORREGROSSA-O'CONNOR
AMANDA F. SHECHTER[2]
BARBARA J. KOONZ[2,3]
TODD E. LEHDER[5,7]
PHILIP A. TORTORETI[11,12]

**ASSOCIATES**
LINDA LASHBROOK
LORETTA KIRSCH PRIVES[2]
ELIZABETH C. DELL[2]
KELLY A. ERHARDT-WOJIE[3]
JEFFREY J. BROOKNER
DAWN E. MAGUIRE[2,4,5]
FRANCINE E. TAJFEL[2]
ALBERTINA WEBB[2]
JOHN P. MURDOCH II
MARY H. SMITH
EDWARD J. ALBOWICZ[2]
ANNA I. MONFORTH
STEPHANIE D. GIRONDA
EVERETT M. JOHNSON[2]
ALEX LYUBARSKY[2]
KEVEN H. FRIEDMAN[29]
GREGORY D. SHAFFER[2]<
JESSICA S. PYATT
LOUIS J. SEMINSKI, JR.
DANIEL R. LAPINSKI[2]
MICHAEL F. FRIED[2]
MICHELE C. LEFKOWITZ[2]
DASHIKA R. WELLINGTON[3]
ROBERT L. SELVERS[2]
ERIK C. ACOSTA[2]
PAMELA R. GOLD-ZAFRA[2]
ALYSON M. LEONE[2]
VINCENT CHENG[2]
MICHAEL J. WEISSLITZ
JONATHAN M. BUSCH[6]
JAMIE M. BENNETT[2]
MARCELLO DE PERALTA[1,2]

ROBERT J. HOVEY
JOSEPH J. RUSSELL, JR.[2]
JON S. POLEVOY
EMILY D. VAIL[24]
CHERYL E. CONNORS
CHAD B. SIMON[2]
ANTHONY WILKINSON[2]
DENIZA G. GERTSBERG[2]
JAY B. FELDMAN[2]
LOUIS A. GREENFIELD[2]
JULIA A. LOPÉZ[2]
AMY HERBOLD
ERIC I. BUEIDE[2]
DARRON E. BERQUIST[1,2]
DOUGLAS M. SILVESTRO
DANIEL J. KLUSKA
KARIN K. SAGE
MICHAEL L. GALVIN
SATISH V. POONDI
ERICA A. RODRIGUEZ
CARRIE S. FORD
RACHEL M. COLANCECCO[3]
VICTORIA HWANG
GLENN P. PRIVES
ANNEMARIE C. TERZANO[3]

< Certified Civil Trial Attorney
□ Certified Criminal Trial Attorney
‡ Certified Matrimonial Attorney
† Certified Workers Compensation Attorne
* National Certified Civil Trial Specialist
  Approved by the ABA
1 Not admitted NJ
2 Admitted NY
3 Admitted PA
4 Admitted CT
5 Admitted DC
6 Admitted MA
7 Admitted MD
8 Admitted VA
9 Admitted CA
10 Admitted FL
11 Admitted PR
12 Admitted VI

Please reply to:
Woodbridge
**Direct Dial: (732) 855-6127**
**Direct Fax: (732) 726-6563**

December 18, 2009

**VIA E-FILING**
Clerk, United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

    Re: **Kvederas v. Twp. of Morristown, et. al.**
      Civil Action No. 09 cv 6006

Dear Sir or Madam,

    Attached please find for filing Defendants' Answer in the above-captioned matter.

                Very truly yours,

                DOMINICK BRATTI

DB/cl
Enclosure
cc: Jamison M. Mark, Esq. (w/enclosure)

#3241292 (153609.007)

WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
Dominick Bratti, Esq.
(DB 6123)
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
(732) 636-8000
Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

-----------------------------------------------------X
:
BRIAN J. KVEDERAS :
:
      Plaintiff, :      Civil Action No.  09-cv-6006
:
v. :      **ANSWER**
:
TOWNSHIP OF MORRISTOWN, a :
municipal corporation of the state of New :
Jersey, NANCY KAHN AND ROBERT :
CICALESE, AND JOHN DOE 1-4 :
(*fictitious persons unknown*) :
:
      Defendant. :
-----------------------------------------------------X

      Defendants Township of Morristown, Nancy Kahn and Robert Calise (improperly identified as Robert Cicalese) by and through their counsel, Wilentz, Goldman and Spitzer, state in Answer to Plaintiff's Complaint as follows:

#3236002

## PARTIES

1.  The allegations contained in paragraph 1 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 1 except to admit that Plaintiff is a resident of the United States.

2.  Defendants deny the allegations contained in paragraph 2 except to admit that Defendant Township of Morristown is a municipal corporation with the Town Hall located at 200 South Street, CN 914, Morristown, NJ 07963-0914.

3.  The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations except to admit that Robert Calise is the Township Finance Director and to state that at all relevant times Defendant Calise had acted within the scope of his duties.

4.  Defendants deny the allegations contained in paragraph 4 except to admit that Defendant Nancy Kahn is the Benefits Coordinator for the Town of Morristown, and to state that at all relevant times Defendant Kahn acted within the scope of her employment.

## VENUE

1.  The allegations contained in paragraph 1 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 1 except to admit that Plaintiff purports to bring such claims.

## STATEMENT OF FACTS

1.  Defendants deny the allegations contained in paragraph 1 except to admit that Plaintiff purports to bring such claims.

#3236002

2. Defendants admit the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 of the Complaint constitutes legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that the Town of Morristown is the owner of Town Hall located in Morristown, New Jersey.

4. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 and leave Plaintiff to his proofs with respect thereto, except to admit that Plaintiff left the employment of the town on involuntary disability retirement, and Plaintiff received a disability pension through PFRS in July 2006 and that as such, Plaintiff received monthly compensation and health insurance coverage through the town's policy.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6 except to admit that Plaintiff filed a Workers Compensation claim with the Department of Labor and Workplace Division of Workers Compensation in or around February 2005.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants admit the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9, except to admit that as a retiree, Plaintiff received notice concerning informational meetings regarding the Township's change of benefits from Blue Cross/Blue Shield New Jersey to Cigna.

10. Defendants deny the allegations contained in paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 and leave Plaintiff to his proofs with respect thereto.

#3236002

12. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 and leave Plaintiff to his proofs with respect thereto.

13. Defendants deny the allegations contained in paragraph 13 except to admit that Plaintiff was advised that he had come to Town Hall at the wrong time.

14. Defendants deny the allegations contained in paragraph 14 except to admit that Plaintiff asked about adding his wife to the Cigna plan and that Plaintiff had been advised many times before that his wife could not be added to the plan.

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15 and leave Plaintiff to his proofs with respect thereto.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17 except to state that they are without knowledge or information sufficient to form a belief as to whether Plaintiff left completely embarrassed and frustrated.

18. Defendants deny the allegations contained in paragraph 18 except to admit that Plaintiff returned for a subsequent meeting with Cigna representatives.

19. Defendants deny the allegations contained in paragraph 19 except to admit that retired Fire Captain, Timothy Murphy asked questions of Cigna representatives about his college age daughter.

20. Defendants deny the allegations contained in paragraph 20 except to state that Ms. Kahn spoke to Mr. Murphy in general about his benefit options.

21. Defendants deny the allegations contained in paragraph 21 except to state that Ms. Kahn told the Cigna Representative not to answer Mr. Kverderas's question about adding his

#3236002

wife to his policy because the Cigna Representatives were not responsible for dealing with enrollment issues.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23 except to admit that Ms. Kahn stated "your question is out of line and always the same question" and "You have an attorney have him get the answer for you."

24. Defendants deny the allegations contained in paragraph 24 except to admit Mr. Kvederas stated that his having a worker's compensation attorney had nothing to do with his questions.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26 except to state that Ms. Kahn informed Mr. Kvederas that unless he stopped interfering with Cigna's presentation, she would move the meeting to another room.

27. Defendants deny the allegations contained in paragraph 27 except to admit that Mr. Kvederas exited the room.

28. Defendants deny the allegations contained in paragraph 28 except to state that Mr. Calise arrived at the meeting and upon inquiry, Ms. Kahn stated that Mr. Kvederas was "disruptive and out of line."

29. Defendants deny the allegations contained in paragraph 29 except to admit that Mr. Calise advised Mr. Kvederas that he had falsely completed certain affidavits.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 31 of the Complaint.

32. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 and leave Plaintiff to his proofs with respect thereto.

33. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33 and leave Plaintiff to his proofs with respect thereto.

34. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34 and leave Plaintiff to his proofs with respect thereto.

35. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35 and leave Plaintiff to his proofs with respect thereto.

36. Defendants are without knowledge or information sufficient to form a belief as to allegations contained in paragraph 36 except to state that Mr. Kvederas spoke to Lt. Ackerman.

37. Defendants deny the allegations contained in paragraph 37 to the extent that it is alleged that Plaintiff did not have appropriate answers from Cigna, and Defendants state that they are without knowledge or information sufficient to form a belief as to Plaintiff's intent regarding a January 29, 2009 meeting.

38. Defendants deny the allegations contained in paragraph 38 to the extent that it is alleged that the town directed Mr. Schultz to advise Plaintiff not to attend the meeting, and Defendants state that they are without knowledge or information sufficient to form a belief as to all other allegations contained in paragraph 38 and leave Plaintiff to his proofs with respect thereto.

39. Defendants are without knowledge or information sufficient to form a belief as to allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40 except to state that they are without knowledge or information sufficient to form a belief as to whether Mr.

#3236002

Kvederas's father escorted him to the meeting and leave Plaintiff to his proofs with respect thereto.

41. Defendants deny the allegations contained in paragraph 41 except to state that Mr. Kvederas brought a copy of a benefits change form with his wife's information to the meeting and asked the Cigna representative how to add his wife to his policy.

42. Defendants deny the allegations contained in paragraph 42 except to state that Ms. Kahn advised the Cigna representative not to speak with Mr. Kvederas regarding enrollment issues for his wife.

43. Defendants deny the allegations contained in paragraph 43 except to state that Mr. Kvederas read out loud a notice that was sent out to all retirees regarding the meeting, and stated that he was there to have his questions answered by Cigna personnel, not the Morristown administration.

44. Defendants admit the allegations contained in paragraph 44.

45. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45 and leave Plaintiff to his proofs with respect thereto.

46. Defendants deny the allegations contained in paragraph 46 except to state that Mr. Calise stated that he would relay Mr. Kvederas's questions to their legal counsel who would respond and further that Mr. Kvederas did receive a response from Town Administrator Michael F. Roberts upon which, Jonathan Williams, Esq. was copied.

47. Defendants deny the allegations contained in paragraph 47 except to state that Mr. Kvederas was not permitted to add his wife to his insurance and he is on involuntary retroactive retirement.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants admit that they acted within the scope of their employment at all relevant times.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

## CLAIMS FOR RELIEF

### COUNT ONE

(Violation of the New Jersey Civil Rights Act, "NJCRA")

1. Defendants deny the allegations contained in paragraph 1.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute legal conclusions to which no response is required.

8. Defendants deny the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

#3236002

## COUNT TWO

(Civil Rights – 42 U.S.C. § 1983)

1. Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth fully herein.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants deny the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in paragraph 9.

## COUNT THREE

(Civil Rights – 42 U.S.C. § 1985[3])

1. Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth more fully herein.

2. Defendants deny the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute legal conclusions to which no response is required.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8.  Defendants deny the allegations contained in paragraph 8.

9.  Defendants deny the allegations contained in paragraph 9.

## COUNT FOUR

(Civil Rights- 42 USC § 1983—Custom, Policy and Practice)

1.  Defendants deny the allegations contained in paragraph 1.

2.  Defendants deny the allegations contained in paragraph 2.

3.  Defendants deny the allegations contained in paragraph 3.

4.  Defendants deny the allegations contained in paragraph 4.

5.  Defendants deny the allegations contained in paragraph 5.

6.  Defendants deny the allegations contained in paragraph 6.

7.  Defendants deny the allegations contained in paragraph 7.

## COUNT FIVE

(Civil Rights – 42 U.S.C. § 1983 1st, 4th and 14th Amendment)

1.  Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth more fully herein.

2.  Defendants deny the allegations contained in paragraph 2.

3.  Defendants deny the allegations contained in paragraph 3.

4.  Defendants deny the allegations contained in paragraph 4.

5.  Defendants deny the allegations contained in paragraph 5.

6.  The allegations contained in paragraph 6 constitute legal conclusions to which no response is required.

#3236002

## COUNT SIX

(Civil Rights—42 USC § 1983- 5th Amendment)

1.  Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth more fully herein.

2.  Defendants deny the allegations contained in paragraph 2.

3.  Defendants deny the allegations contained in paragraph 3.

4.  Defendants deny the allegations contained in paragraph 4.

5.  Defendants deny the allegations contained in paragraph 5.

## COUNT SEVEN

(Civil Rights – 42 U.S.C. § 1983- Retaliation)

1.  Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth more fully herein.

2.  Defendants deny the allegations contained in paragraph 2 except to admit that Plaintiff filed a worker's compensation claim.

3.  Defendants deny the allegations contained in paragraph 3.

4.  Defendants deny the allegations contained in paragraph 4.

5.  Defendants deny the allegations contained in paragraph 5.

6.  Defendants deny the allegations contained in paragraph 6.

7.  Defendants deny the allegations contained in paragraph 7.

## COUNT EIGHT

(Violation of 1st Amendment Right to Petition - Grievances)

1.  Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth more fully herein.

#3236002

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 2.

## COUNT NINE

(Defamation)

1. Defendants repeat and reallege their response to each and every allegation of the Complaint as if set forth more fully herein.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each Count contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitation.

#3236002

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiff's Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The damages of which Plaintiff complains, if any, are as a result of his own conduct and/or misconduct.

### SEVENTH AFFIRMATIVE DEFENSE

The damages of which Plaintiff complains, if any, are as a result of his own actions and/or inaction.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by any actions or inaction or any conduct or misconduct on the part of Defendants.

### NINTH AFFIRMATIVE DEFENSE

All actions taken by Defendants with respect to Plaintiff were taken for legal, proper and valid reasons.

### TENTH AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiff of any rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants did not subject Plaintiff to conduct that occurred under color of state law.

### TWELFTH AFFIRMATIVE DEFENSE

#3236002

Any injuries which Plaintiff allegedly sustained were not proximately caused by Defendants' alleged conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

No action taken by Defendants violated any clearly established Constitutional right possessed by Plaintiff at any time, and the law would not have put Defendants on notice that any action taken by them with respect to the plaintiff during the events at issue would be clearly unlawful. Therefore Defendants are entitled to qualified immunity from Plaintiff's claims for relief brought pursuant to 42 U.S.C. §1983.

### FOURTEENTH AFFIRMATIVE DEFENSE

Statements made by Defendants about Plaintiff, if any, were truthful.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in that Plaintiff fails to plead defamation with specificity.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent any of Plaintiff's claims arise from statements made by municipality officials occurring within the performance of those persons' official duties, those statements are absolutely or conditionally privileged, and the municipality is entitled to immunity from suit and damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate his damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from asserting a claim against Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants, at all times, acted in good faith and without malice.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages as a matter of law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint constitute frivolous claims and Defendants reserve their right pursuant to N.J.S.A. 2A:15-59.1 to seek appropriate relief thereunder.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J.S.A. §59:1-1, et seq.

**WHEREFORE**, Defendants, Township of Morristown, a municipal corporation of the state of New Jersey, Nancy Kahn and Robert Calise respectfully request that Plaintiff's Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants and against Plaintiff, together with costs, attorneys' fees, and other such relief as the Court deems just and proper.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorney for Defendants

By: _____
DOMINICK BRATTI, ESQ.
(DB 6123)

Dated: December 18, 2009

#3236002

## CERTIFICATE PURSUANT TO L. CIV. R. 11.2

I certify, to the best of my knowledge, that this matter is not the subject of any action pending in any court or of any pending arbitration or administrative proceeding.

This 18th day of December, 2009.

          WILENTZ, GOLDMAN & SPITZER, P.A.
          Attorney for Defendants

          By: *[signature]*
          DOMINICK BRATTI, ESQ.
          (DB 6123)

#3236002